UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
KEVIN JOHN WITASICK, SR.,       :
                                :
                                :   Civil No. 12-3755 (NLH)
         Plaintiff,             :
                                :
    v.                          :
                                :
                                :   OPINION
RONALD and LINDA HAMBRECHT,     :
as husband and wife, and        :
                                :
         Defendants,            :
                                :
THE PATCH & PRINCESS FAMILY     :
TRUST,                          :
                                :
         Third Party            :
            Defendant.          :
_____ :
```

**APPEARANCES:**

DONALD L. KINGLETT, ESQUIRE
RABIL & KINGETT LLC
215 FRIES MILL ROAD
TURNERSVILLE, NEW JERSEY 08012
    *Attorney for Plaintiff Kevin John Witasick, Sr. and Third*
    *Party Defendant The Patch and Princess Family Trust,*

MICHAEL DOLICH, ESQUIRE
BENNETT, BRICKLIN & SALTZBERG
1601 MARKET STREET
16TH FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
    *Attorney for Defendants Ronald and Lisa Hambrecht.*

**Hillman, District J.:**

    Currently pending before the Court is the Motion for Remand of Plaintiff Kevin John Witasick, Sr.  In the alternative, Plaintiff has filed a Motion for Jurisdictional Discovery and

For an Evidentiary Hearing.  For the reasons set forth below, both Motions will be denied.

I.  **FACTS AND PROCEDURAL HISTORY**

This matter stems from a personal injury dispute between Plaintiff Witasick, a New Jersey citizen, and Defendants Ronald and Lisa Hambrecht, a married couple residing in Florida.  The Hambrechts own a house in Marlton, New Jersey, which they lease to third-party Defendant The Patch and Princess Family Trust, Witasick's family trust.  (Compl. ¶ 4.)  Plaintiff Witasick lives in the house.

On November 19, 2009, a portion of a staircase gave way under Witasick's feet, causing him to fall and injure himself. (Id. ¶ 5.)  According to Plaintiff, he subsequently discovered that the Hambrechts did not have the steps properly installed, and that this defect created the hazard leading to his injury. (Id. ¶¶ 9, 10.)  Witasick avers that, as a result of the fall, he sustained contusions and severe bruising to his legs, buttocks, back and arms, significant pain throughout his body, numbness, and "nerve stingers" in his legs.  (Id. ¶ 6.) Following the injury, he was bedridden and unable to function for approximately four days.  (Id. ¶ 7.)  He claims that he still suffers from pain, numbness, and "stingers" to this day, and continues to seek medical and chiropractic treatment for these injuries.  (Id. ¶ 8.)

Witasick filed a common law negligence suit against Defendants on November 18, 2011 in New Jersey state court. Defendants removed to federal court on June 20, 2012 on the basis of diversity jurisdiction.[1]  [Docket No. 1.]  Plaintiff filed the instant Motion to Remand back to state court on July 20, 2012.  [Docket No. 12.]  On the same day, Plaintiff filed a Motion for Jurisdictional Discovery and An Evidentiary Hearing in the event that the Court declined to grant the remand motion. [Id.]  Defendants responded in opposition on August 6, 2012, [Docket No. 13], thereby making this matter ripe for judicial consideration.

## II. STANDARD OF LAW

The removability of a legal matter is determined from the plaintiff's pleadings at the time of removal.  See Am. Fire & Cas. Co. v. Finn, 341 U.S. 6, 14 (1951).  It is well established that a defendant may remove a civil action filed in state court

---

[1] Despite the fact that Defendants did not remove this case until seven months after the filing of Plaintiff's initial Complaint, removal was nonetheless timely because, for reasons unknown to this Court, Defendants were not served with the summons and Complaint until June 2012.  The law is clear that, under 28 U.S.C. § 1446(b), defendants have thirty days from the date on which they are served with an initial pleading to timely file a notice of removal.  See Campbell v. Oxford Elec., Inc., No.Civ.A.07-0541, 2007 WL 2011484, at *1 (E.D. Pa. July 5, 2007) ("Under 28 U.S.C. § 1446(b), a defendant must file a notice of removal within 30 days after the date on which the defendant is served with an 'initial pleading.'").  Here, Defendants received a copy of the Complaint in early June 2012, and removed the matter on June 20, 2012.  Accordingly, removal was timely under these circumstances.

3

to federal court if the latter would have had original jurisdiction to hear the matter in the first instance. 28 U.S.C. § 1441(b); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1991). The removing party bears the burden of establishing jurisdiction and compliance with all pertinent procedural requirements. Id. Once the case has been removed, however, the court may nonetheless remand it to state court if the removal was procedurally defective or subject matter jurisdiction is lacking. 28 U.S.C. § 1447(c). Any doubts should be resolved in favor of remand. Boyer, 913 F.2d at 111.

### III. DISCUSSION

Plaintiff argues that this matter should be remanded back to state court because this Court lacks subject matter jurisdiction. Specifically, Plaintiffs alleges that the exercise of diversity jurisdiction is not proper under these circumstances and that Defendants' removal did not abide by proper statutory procedure. As a catchall argument, Plaintiff also asserts that the equities in this case favor remand.

In the event that the Court declines to remand this matter, Plaintiff requests permission to engage in jurisdictional discovery so as to determine the identities of the contractors that built the allegedly defective steps. Plaintiff avers that this discovery is necessary because he plans to add the contractors as defendants, and diversity of citizenship will be

4

destroyed if they are New Jersey citizens. The Court considers each request separately below.

### A. Remand

Defendants removed this case to federal court pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332, which provides that: "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States[.]" 28 U.S.C. § 1332(a)(1). Thus, in order for a matter which only involves state law claims to be heard in federal court on account of diversity jurisdiction: (1) there must be complete diversity of citizenship amongst the parties; and (2) the disputed amount must be greater than $75,000. Moreover, removal to federal court is only permissible if proper statutory procedure is followed. 28 U.S.C. § 1447(c).

Here, Witasick avers that the Court lacks subject matter jurisdiction because complete diversity between the parties is lacking and the amount in controversy will not exceed the requisite $75,000. Plaintiff likewise avers that this matter should be remanded back to state court because Defendants failed to comply with the proper procedural requirements for removal. Witasick further argues that the "equities" in this case favor remand.

5

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state in which he is domiciled. See Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 182 (3d Cir. 2008)(citing Gilbert v. David, 235 U.S. 561, 569 (1915)). One's domicile is legally defined as the person's state of residence plus the intent to remain there indefinitely. Krasnov v. Dinan, 465 F.2d 1298, 1300-01 (3d Cir. 1972). Importantly, an individual may only have one domicile, and thus may only be a citizen of one state for diversity jurisdiction purposes. See Williamson v. Osenton, 232 U.S. 604, 614 (1914). Residence and domicile are not the same for legal purposes, as residency alone does not establish citizenship. See Krasnov, 465 F.2d at 1300 ("[W]here one lives is prima facie evidence of domicile, but mere residency in a state is insufficient for purposes of diversity.").

Here, the Hambrechts indicate in their Notice of Removal that they are citizens of the State of the Florida,[2] and that their citizenship is therefore diverse from Witasick, a New

---

[2] Although Defendants properly plead diversity jurisdiction in their Notice of Removal, the Court notes that they improperly use the terms "citizens" and "residents" interchangeably throughout their Response in Opposition to Plaintiff's Motion to Remand. To be sure, these terms are not interchangeable, as they have distinct definitions under the law. See Krasnov, 465 F.2d at 1300. In any event, it does not appear that Plaintiff contends that Defendants are actually citizens of New Jersey despite their current Florida residency.

Jersey citizen.[3]  (Notice of Rem. ¶ 7.)  Witasick presently argues, however, that the Hambrechts may nonetheless be considered New Jersey citizens for purposes of this lawsuit because: (1) they continue to own the New Jersey property that was the site of his injury, and (2) they are engaged in separate and independent litigation in New Jersey state court.  (Pl.'s Mot. Rem. at 4.)

---

[3]  Although not directly disputed by the parties, the Court considers the effect — if any — that the citizenship of the third-party Defendant, the Patch and Princess Family Trust, may have on this matter.  On June 25, 2012, Defendants joined the Trust under Rule 14 on the basis that, as the lessee on the property, it was required to abide by certain maintenance obligations in the lease.  This District has previously recognized that "[t]he citizenship of a trust depends upon the citizenships of its trustees and its beneficiaries."  Reassure Am. Life Ins. Co. v. The Gennaro J. Perillo & Minnie Perillo Irrevocable Trust, No.Civ.A.09-1878, 2011 WL 832185, at *3 (D.N.J. Mar. 2, 2011) (Kugler, J.)(citing Emerald Inv. Trust v. Gaunt Parsippany Partners, 492 F.3d 192, 205 (3d Cir. 2007)).

However, in assessing whether complete diversity of citizenship exists between the parties here, the Court need not consider the citizenship of the Trust because "[a] third-party defendant joined under Federal Rule of Civil Procedure 14 does not become a defendant as against the original plaintiff, so that federal jurisdiction is not destroyed where those parties are citizens of the same state."  Spring City Corp. v. Am. Bldg. Co., 193 F.3d 165, 169 (3d Cir. 1999) (citing Smith v. Phila. Transp. Co., 173 F.2d 721, 724 n.2 (3d Cir. 1949)); see also McKinley v. Skyline Corp., --F.Supp.2d--, No.Civ.A.11-7607, 2012 WL 4490569, at *10 n.3 (D.N.J. Sep. 26, 2012) (Hillman, J.); N.H. Ins. Co. v. Diller, 678 F.Supp.2d 288, 292 n.2 (D.N.J. 2009) (Hillman, J.); Magazzu v. Volmar Servs., Inc., No.Civ.A.08-2078, 2009 WL 5194396, at *1 n.1 (D.N.J. Dec. 21, 2009) (Hillman, J.).  Thus, even if the Trust were determined to be a New Jersey citizen, diversity of citizenship would not be destroyed.

7

In <u>Williams Field Services Co., LLC v. Kalmanowicz</u>, the plaintiff sought to invoke the diversity jurisdiction of the federal court in the Middle District of Pennsylvania on the grounds that the defendants owned property within that District. No.Civ.A.11-1634, 2011 WL 3876411, at *2 (M.D. Pa. Aug. 31, 2011). The court, however, held that the invocation of jurisdiction was improper because an individual's mere ownership of property in a state does not automatically make him a citizen of that state. <u>Id.</u> The same logic applies here. Merely because the Hambrechts continue to own the property leased by Witasick's family trust in New Jersey does not automatically transform them into citizens of this state. Thus, Plaintiff's argument on this ground, without more, is without merit.

Plaintiff also argues that the Hambrechts's participation in another lawsuit in New Jersey makes them citizens for diversity jurisdiction purposes. According to the record, the Hambrechts and the Patch and Princess Family Trust are litigating an eviction claim in New Jersey state court premised upon the lease agreement between them. This legal action is unrelated to the instant matter before the Court. While an individual's involvement in prior litigation in a state may be a basis for the exercise of personal jurisdiction in federal court, the same is not true for subject matter jurisdiction

8

purposes.[4] As discussed above, in order to be considered a state's citizen for diversity jurisdiction purposes, an individual must be a domiciliary of the state. Merely because an individual is involved in litigation in that state does not mean that he is likewise a citizen of that state. Plaintiff's claim on this ground, without more, therefore also fails. Accordingly, the Court finds that complete diversity exists amongst the parties, and the first element of diversity jurisdiction is thus satisfied.

Plaintiff also objects on the basis of the second element of diversity jurisdiction — the amount in controversy requirement — arguing that jurisdiction is improper here because Defendants have not established that this amount will exceed $75,000. Plaintiff bases his argument on letter communications between counsel in which the Hambrechts requested Witasick to stipulate that his damages would not exceed $75,000. When Witasick refused to do so, Defendants removed this matter to

---

[4] In his Motion, Plaintiff also argues that a forum selection clause in the lease agreement between the Hambrechts and the Trust may serve as a proper basis for remand to state court. (Pl.'s Mot. Remand at 5.) Similar to Plaintiff's above argument based on the ongoing independent lawsuit, the presence of a forum selection clause in the lease is irrelevant to the instant dispute. While a forum selection clause may be dispositive for personal jurisdiction reasons, see Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585 (1991), the same does not apply to subject matter jurisdiction determinations. Accordingly, this argument is without merit.

federal court. (Pl.'s Mot. Rem., Ex. 1.) Plaintiff claims that these letters show that Defendants believe damages to be less than $75,000, and it is their burden to prove that invocation of federal jurisdiction is proper.[5]

The Court finds, however, that there is sufficient evidence in the record to establish that the amount in controversy requirement has been met under these circumstances. First, Defendants have affirmatively set forth in their Notice of Removal that they believe that the disputed amount will exceed $75,000. (See Notice of Rem. ¶ 4 ("Upon information and belief, the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000) exclusive of interests and costs.").) Second, although Plaintiff relies on defense counsel's communications as indicative of the fact that the disputed amount here will be less than $75,000, the Court notes that Plaintiff himself acknowledged in his response to this letter that this is not likely to be the case:

---

[5]   Plaintiff extensively relies on Martin v. WalMart Stores, Inc., 709 F.Supp.2d 345 (D.N.J. 2010) to support his argument. As an initial matter, as an opinion of a fellow district court, Martin is not binding on this Court. Even if it were, however, the Court finds that Martin is distinguishable from this case. In Martin, a case in which the court addressed the issue of federal court jurisdiction *sua sponte*, the only evidence cited by the defendant as to the jurisdictional amount was plaintiff's refusal to stipulate to damages of less than $75,000. As noted, in this case plaintiff has stated affirmatively his contention that his damages may be worth considerably more. No inference from non-action and uncertain facts need be made.

> We hereby decline your offer to limit our client's damages to $75,000. Mr. Witasick has suffered serious, permanent neurological damage as a result of your client's negligence. <u>The jury verdict research we have done confirms that for his type of injury the damages far exceed the $75,000.00</u> you wish to place on this case.

(Defs.' Resp. Opp'n, Ex. B) (emphasis added). Therefore, contrary to Plaintiff's present assertions that the amount in controversy is likely to be less than $75,000, his own statement and purported research evince that the stakes of litigation may actually be significantly above $75,000. As such, the Court finds that the amount in controversy requirement of diversity jurisdiction has likewise been met under these circumstances.

Thus, given that the Court finds that there is complete diversity amongst the parties and that the amount in controversy requirement is satisfied under these circumstances, this Court's exercise of diversity jurisdiction over this dispute is proper. Nonetheless, the Court will briefly consider Plaintiff's additional arguments related to the alleged defects in the removal procedure and the purported equities of this case.

In addition to a lack of subject matter jurisdiction, federal courts may also remand a case back to state court if the removal was procedurally defective. 28 U.S.C. § 1447(c).[6] Section 1446 sets forth the procedural requirements of removal:

---

[6]   This section states, in relevant part, as follows: "A motion to remand the case on the basis of any defect other than

11

> A defendant [] desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). The statute goes on to provide specific rules regarding timeliness and the joinder of parties. 28 U.S.C. § 1446(b), (c).

Here, Defendants' removal petition was timely filed in the District of New Jersey, included a signed Rule 11 statement, and attached copies of all documents that had previously been filed in state court. Plaintiff asserts, however, that the Hambrechts failed to abide by proper procedure because their petition did not contain a sufficient statement of their grounds for removal. More specifically, Witasick asserts that the removal petition does not specifically cite to statutory section 28 U.S.C. § 1331 as the basis for removal. Rather, the removal petition states in relevant part as follows:

> 1. This is a civil action filed and now pending in the Superior Court of New Jersey, Burlington County[.]
> . . .
> 4. Upon information and belief, the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

---

lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c).

> 5. This is a suit of a civil nature and involves a controversy between citizens of different states.
> 6. At the time of institution of this lawsuit, plaintiff was a citizens [sic] of the State of New Jersey.
> 7. Defendants, Donald and Lisa Hambrecht, are citizens of the State of Florida.

(Not. Rem. Petition. ¶¶ 1, 4-7.)

Our fellow courts within the Third Circuit have previously recognized a "flexibility with respect to the wording of removal notices." Miller v. Principal Life Ins. Co., 189 F.Supp.2d 254, 257 (E.D. Pa. 2002) (citing Lewis v. Rego Co., 757 F.2d 66 (3d Cir. 1985)). In cases solely based on diversity jurisdiction, the removal petition must identify the citizenship of the parties. Dragani v. Genesse Valley Inv., No.Civ.A.11-1193, 2011 WL 2491066, at *5 (D.N.J. June 6, 2011) (internal citations omitted). Section 1446 does not, however, require the removing party to cite to the diversity jurisdiction statute. Rather, all that is required is "a short and plain statement of the grounds for removal[.]" 28 U.S.C. § 1446(a). Here, the Hambrechts have satisfied this requirement. They have succinctly and clearly stated that the amount in controversy exceeds $75,000 and that there is complete diversity amongst the parties. They have likewise identified the states of the parties' citizenships. This is all that § 1446 requires. Although a reference to the proper statute would have been accurate, complete, and helpful, the Court declines to find that

13

Defendants' removal petition was defective without it, and remand is therefore not warranted on this basis.

Finally, the Court considers Witasick's argument that "since everything in this case occurred in New Jersey and the Defendants still own the property in New Jersey, as an equitable matter this Court should remand this matter back to State Court." (Pl.'s Mot. Rem. at 5.) In support of his argument, Plaintiff cites to Balcor/Morristown Limited Partnership v. Vector Whippany Associates, 181 B.R. 781 (D.N.J. 1995) for the proposition that a case may be remanded to state court — even if it was properly removed — if the equities so require. Balcor/Morristown does not, however, stand for this proposition. That case specifically addressed the criteria for remand to state court under 28 U.S.C. § 1452. Id. at 792-94. Section 1452 addresses the "removal of claims related to bankruptcy cases." 28 U.S.C. § 1452(b). By its own title, this statute applies to bankruptcy proceedings. The present action does not fall within the realm of bankruptcy. Rather, it is a standard civil suit stemming from a personal injury dispute. As such, Plaintiff's citation to this case for this proposition is inopposite. Further, even if the Court were to consider Plaintiff's argument, it does not see any equitable reason to remand this matter. The record does not indicate — nor have the parties alleged — the presence of any extraordinary

circumstances, difficult or unsettled matters of New Jersey state law, or any bad faith basis for Defendants' removal. Accordingly, the Court will not remand this matter to state court solely because Plaintiff believes that the equities so require.[7]

Therefore, based on the above, the Court finds that complete diversity of citizenship exists amongst the parties here, and that the amount in controversy is likely to exceed $75,000.  The Court further finds that the removal procedure was not defective in this matter, and that the alleged equities in this case do not favor remand.  Accordingly, the Court has subject matter jurisdiction over the instant case pursuant to the diversity jurisdiction statute, 11 U.S.C. § 1332.

   B.   **Jurisdictional Discovery**

In the event that the Court found removal to be proper, Witasick requests permission to engage in jurisdictional discovery related to the issue of diversity of citizenship. Specifically, he seeks to uncover the identity and citizenship of the contractors that built the steps which caused his injury. Plaintiff avers that, upon ascertaining the identity of these individuals, he will file an amended pleading adding them as

---

[7]  Of course, as a court of limited jurisdiction, this Court may not act outside of it.  However, it is an important corollary to that principle that, once jurisdiction is established, we have an obligation to exercise it.

15

defendants in this action.  Plaintiff's argument is premised upon the hypothetical situation that, if the contractors are New Jersey citizens and are eventually added as defendants, federal jurisdiction will be destroyed since complete diversity between the parties will cease to exist.[8]

However, Plaintiff's request for limited discovery pertaining to jurisdiction is, for all intents and purposes, no longer necessary at this point.  Given that the Court has already found that it has subject matter jurisdiction over this dispute, the parties may now proceed forward to the formal discovery phase of the proceedings.  During this period, the parties may, in a manner consistent with the Federal Rules of Civil Procedure and under the supervision of the Magistrate Judge, seek discovery related to any issue they deem relevant, including the identity of the contractor of the allegedly

---

[8] Of course, Plaintiff's argument is premised upon the idea that his request to amend his initial Complaint would be granted by the Court.  Rule 15(a) of the Federal Civil Rules governs the procedure for amendment of a pleading.  The Rule provides that, without the adversary's consent or the court's leave, a party "may amend its pleading once as a matter of course" within 21 days of serving it or 21 days after a responsive pleading or motion under Rule 12(b), (e), or (f) is served.  See Fed. R. Civ. P. 15(a)(1).  After this 21-day deadline expires, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Id.  In the District of New Jersey, the Local Civil Rules also require that, "[u]pon filing a motion for leave to file an amended complaint . . . the moving party shall attach to the motion a copy of the proposed pleading or amendments and retain the original until the Court has ruled."  L. Civ. R. 7.1(f).  We express no opinion at this time on that issue.

defective steps.  If the Court were to grant Plaintiff the opportunity to obtain limited discovery at this time, it would essentially permit him to narrow the scope of discovery to issues relevant only to developing his claims.  That would be unfair to the defendants who have, at this point, properly invoked the jurisdiction of this Court.  The Federal Rules do not contemplate discovery in such a piecemeal fashion.[9]  Plaintiff will have a more than adequate opportunity to ascertain such information regarding potential claims and parties during the discovery period.[10]  The Court will therefore deny Plaintiff's request for jurisdictional discovery.[11]

---

[9] The existence of a potential new defendant remains entirely speculative at this time.  If during formal discovery facts arise which have the effect of destroying complete diversity or otherwise divest this Court of jurisdiction, the parties may raise the issue at that time. See 28 U.S.C. § 1447(c)("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

[10] We recognize that in some cases jurisdictional discovery is appropriate. For example, "[i]n the Third Circuit, jurisdictional discovery is [] available to assist a plaintiff in establishing the contacts necessary for the exercise of personal jurisdiction." Everything Yogurt Brands, LLC v. M.A.R. Air Foods, Inc., No.Civ.A.09-4847, 2009 WL 3260629, at *1 (D.N.J. Oct. 9, 2009).  Here, however, Plaintiff seeks jurisdictional discovery related to subject matter — not personal — jurisdiction.  "The Third Circuit has not directly addressed, however, the question of whether jurisdictional discovery is available to assist in resolving uncertainties about diversity jurisdiction." Id.; see also Fifth Third Bank v. Flatrock 3 LLC, No.Civ.A.06-6051, 2010 WL 2998305, at *4 (D.N.J. July 21, 2010).  In Fifth Third Bank, the district court recognized that jurisdictional discovery "places a great and unnecessary burden

**IV. CONCLUSION**

Based on the above, Plaintiff's Motion to Remand will be denied. The Court will also deny Plaintiff's request to engage in limited discovery related to the issue of jurisdiction. Finally, Plaintiff's request for an evidentiary hearing will likewise be denied at this time, as the Court does not find it to be necessary under the circumstances.

An appropriate Order follows.

*/s/ Noel L. Hillman*
_____
NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

Dated: March 25, 2013

---

on both the litigants and the courts themselves . . . [since it] would require . . . the court [] to monitor jurisdictional discovery to the same extent that it monitors any discovery in the case, and make findings with respect to the roles of the [parties], all in a case that might be dismissed, or, if removed from a state court, remanded to it." Id. Indeed, the Fifth Third Bank Court noted that "jurisdictional rules should be as simple as possible, so that the time of litigants and judges is not wasted deciding where a case should be brought and so that fully litigated cases are not set at naught." Id. (citing Kuntz v. Lamar Corp., 385 F.3d 1177, 1183 (9th Cir. 2004)). Moreover, this Court knows of no case where jurisdictional discovery is sought to defeat, not establish, jurisdiction. Nor does such discovery makes sense when, as here, Defendants have established this Court's jurisdiction.

[11] The Court also does not believe that an evidentiary hearing on this issue is necessary at this time. Should any issues arise during the discovery period which Plaintiff believes warrant an evidentiary hearing, he may request a hearing at that point in time.

18